11-4861-cv
Hedlund v. New York City Transit Authority

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

Ronald S. Hedlund,

> *Plaintiff-Appellant*,

> v.                                                          11-4861-cv

New York City Transit Authority,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:        Ronald S. Hedlund, *pro se*, Jersey City, NJ.

FOR DEFENDANT-APPELLEE:        Kristen M. Nolan, New York City Transit Authority, Office of the General Counsel, Brooklyn, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ronald S. Hedlund, *pro se*, appeals from an award of summary judgment in favor of his current employer, New York City Transit Authority ("NYCTA"), in sexual harassment, religious discrimination, and retaliation action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e17, and the National Transit Systems Security Act ("NTSSA"), 6 U.S.C. § 1142. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks and citation omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Having conducted a *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons set forth in its October 13, 2011 memorandum decision and order.

On appeal, Hedlund challenges the district court's determination that he failed to establish a *prima facie* case for retaliation in connection with his disciplinary actions for sleeping on the job on November 6, 2007, and recklessly throwing a metal object near other NYCTA employees on March 11, 2008. To establish a *prima facie* case for retaliation under Title VII, the plaintiff must show: "(1) his participation in protected activity; (2) defendant's knowledge thereof; (3) materially adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 n.6 (2d Cir. 2011); *see also* 29 C.F.R. § 1982.104(e)(2) (establishing the same requirements for retaliation claims under the NTSSA).

While Hedlund argues that his disciplinary action for sleeping on the job on November 6, 2007, was retaliation for photographing an unsafe condition on a deicer train on October 26, 2007, Hedlund admittedly did not complain to anyone in management prior to the issuance of this disciplinary action. *See Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 217 (2d Cir. 2001) ("The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely *followed* in time by the adverse action." (emphasis added) (internal quotation marks omitted)). Similarly, although Hedlund contends that his March 12, 2008 disciplinary action for recklessly throwing a metal object on March 11, 2008, was retaliation for a safety complaint he made on March 7, 2008, the certified mail receipt indicates that Hedlund's safety complaint was not mailed until March 12, 2008.

In addition to the temporal infirmities apparent on the face of Hedlund's retaliation claims, any casual connection between his safety complaints and his disciplinary actions is further undermined by the arbitrator's award in favor of NYCTA in Hedlund's grievance actions. We have held that:

> [A] negative arbitration decision rendered under a CBA does not preclude a Title VII action by a discharged employee. However, a decision by an independent tribunal that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link. Where, as here, that decision follows an evidentiary hearing and is based on substantial evidence, the Title VII plaintiff, to survive a motion for summary judgment, must present strong evidence that the decision was wrong as a matter of fact-e.g. new evidence not before the tribunal-or that the impartiality of the proceeding was somehow compromised.

*Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 119 (2d Cir. 2002) (citation omitted). Because Hedlund failed to identify any new evidence not before the arbitrator or any evidence bearing on the impartiality of his arbitration proceedings, the district court did not err in granting summary judgment on his retaliation claims.

We have considered all of Hedlund's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk